UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEAN COMBS, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 3:06-CV-399 RM ) |
| J. DAVID DONAHUE, *et al.*, | ) ) |
| Defendants | ) |

<u>OPINION AND ORDER</u>

Dean Combs, a prisoner confined at the New Castle Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Indiana Department of Correction officials violated his federally protected rights while he was housed at the Miami Correctional Facility. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. <u>Weiss v. Colley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right.  Second,

>he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Combs brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Combs alleges that Correctional Sergeants Smith and Line violated rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by beating him about once a week over a ninety day period. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Conner, 490 U.S. 386, 394, (1989).

The Fifth Amendment's due process clause applies only to acts of the federal government and doesn't limit actions of state officials. Craig v. Cohn, 80

2

F.Supp.2d 944, 947 (N.D. Ind. 2000). Mr. Combs's allegations do not implicate the Fifth Amendment's due process clause.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, id. at 535 n. 16. Because Mr. Combs was a convicted felon at the time these incidents occurred, the court will consider his claims under the Eighth Amendment rather than the Fourteenth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73. Giving Mr. Combs the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim under the standards set forth in Hudson v. McMillian, 503 U.S. 1 (1992).

Mr. Combs also alleges that Sergeants Smith and Line placed him in a cell for a week with no mat, blankets, food or running water, and that they refused his

3

phone calls. He also alleges that on other occasions, they put "poison" in his food while he while he was in the segregation unit, causing him to become sick and vomit blood.

The Eighth Amendment requires that prison and jail officials ensure that inmates receive adequate food, clothing, and shelter. Farmer v. Brennan, 511 U.S. at 832. Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971); Del Raine v. Williford, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring); Cunningham v. Jones, 667 F.2d 565 (6th Cir. 1982) (allegation of only one meal per day for fifteen days states no claim where that meals are adequate to maintain health). The Constitution doesn't mandate comfortable prisons, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991), quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Lack of running water in a cell and denial of phone calls for a week states no claim upon which relief can be granted. But giving Mr. Combs the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment conditions of confinement claim regarding denial of bedding, clothing, and food for a week and his claim that the defendants adulterated his food.

Mr. Combs also seeks to name Indiana Department of Correction Commissioner J. David Donahue as a defendant. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the

4

defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendants Smith and Line for damages in their personal capacities on his Eighth Amendment excessive use of force claim and on his Eighth Amendment conditions of confinement claim that they denied him food, bedding, and clothing, and poisoned his food;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES defendant J. David Donahue, and DISMISSES all claims other than the plaintiff's Eighth Amendment excessive use of force claim and his conditions of confinement claim that the defendants denied him food, bedding, and clothing, and poisoned his food;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendants Smith and Line respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendants Smith and Line, and DIRECTS the clerk's office to ensure that

5

a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: October  3 , 2006


                    /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court